THERIOT, J.,
concurring and assigning reasons.
hi respectfully disagree with the trial court finding that the intent of the Medical Malpractice Act (Act) is not to allow the plaintiff to benefit by non-compliance and side-step the medical review panel by failing to cooperate in the procedure. Although I believe the record reveals the plaintiff purposely refused to cooperate,[1] the Act does not distinguish between a good faith plaintiffidefendant and a bad faith plaintiffidefendant.
The Act does provide mechanisms for a party to use when the other party is stonewalling the process. The Act provides a “strike” process to ultimately have the Clerk of the Louisiana Supreme Court select the attorney chairman. Granted, the Act does not contemplate a scenario of the Clerk of the Louisiana Supreme Court failing to select an attorney chairman within the time frame provided for in the Act. However, even then, the Act provides a remedy. The Act confers jurisdiction to the district courts to order a non-conforming party to comply. La. R.S. 40:1299.47(0(6). A party may petition a district court with competent jurisdiction to enforce the Act at any stage of the one year time period.
| ¡..Outside of seeking relief earlier from the district court, the defendants availed themselves of the remedies provided by the Act to no avail. The twelve month period ultimately expired without an attorney chairman being named. Unfortunately, my interpretation of the language of La.. R.S. 40:1299.47(A)(2)(c) reaches the *1209 same conclusion as the majority. The Act requires an attorney chairman to be appointed within one year. The Act uses the word “shall” repeatedly.
— An attorney chairman ... SHALL be appointed within one year from the date the request for review of the claim was filed
— If the board has not received notice of the appointment of an attorney chairman within one year ... then the board SHALL promptly send notice to the parties.... that the claim has been dismissed
— The parties SHALL be deemed to have waived the use of the medical review panel.
La. R.S. 40:1299.47(2)(C) (emphasis added)
The legislation is clear, the parties have one year to appoint an attorney chairman. Failure to do so will waive the use of the medical review panel. The board has no choice but to dismiss the claim. Courts have no choice but to conclude that the parties waived the use of the medical review panel. I find this time period to be absolute. Unlike La. R.S. 40:1299.47B(l)(b), La. R.S. 40:1299.47(2)(C) does not allow a party to petition a court of competent jurisdiction for an order extending the twelve month time period.
As mentioned by the majority, any different result would have to come from the Louisiana State Legislature.

. The professional conduct of the attorney involved is not before us. Such conduct is for another forum to decide.